UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-24524-CIV-SEITZ/O'SULLIVAN

JOHN V. FURRY, as Personal
Representative of the Estate and
Survivors of TATIANA H. FURRY
        Plaintiff,

v.

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA; MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA d/b/a MICCOSUKEE RESORT
& GAMING; MICCOSUKEE CORPORATION;
MICCOSUKEE INDIAN BINGO;
MICCOSUKEE INDIAN BINGO & GAMING;
MICCOSUKEE RESORT & GAMING;
MICCOSUKEE ENTERPRISES; and the
MICCOSUKEE POLICE DEPARTMENT,
        Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's Motion to Conduct Discovery Regarding Tribal Sovereign Immunity Defense (DE # 20) (hereinafter "Motion to Conduct Discovery"). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Motion to Conduct Discovery (DE # 20) is **GRANTED** for the reasons set forth herein.

## BACKGROUND

The plaintiff brought a wrongful death action against the defendants seeking compensatory and punitive damages. (D.E. # 1.) The plaintiff's complaint alleges that the defendants, their agents, employees, officers, and/or representatives, knowing that the plaintiff's daughter, Tatiana H. Furry was habitually addicted to alcoholic beverages, furnished her with a substantial amount of alcohol at the Miccosukee Resort & Gaming

facility which she consumed on premises. *Id.* at 6. The plaintiff's complaint further alleges that the defendants, their agents, employees, officers, and/or representatives, failed to prevent Tatiana H. Furry from driving away from their gambling and resort facility even though they witnessed her in an obviously intoxicated condition. *Id.* The complaint goes on to state that shortly after leaving the Miccosukee Resort & Gaming facility, Tatiana H. Furry was involved in an automobile collision which resulted in her death. *Id.* at 7.

On January 31, 2011, the defendants filed a motion to dismiss on the grounds that (1) the Court lacks subject matter jurisdiction because of Tribal sovereign immunity, (2) the Court lacks subject matter jurisdiction because there is no federal question or diversity jurisdiction, and (3) the plaintiff's complaint fails to state a claim upon which relief may be granted. (D.E. # 17 at 2.) On February 11, 2011, the plaintiff filed his Motion to Conduct Discovery asking the Court to permit the plaintiff to conduct discovery to determine if an exception exists to the defendants' defense of sovereign immunity. (D.E. # 20 at 3.) The defendants filed a response arguing that the Motion to Conduct Discovery should be denied because (1) sovereign immunity protects the defendants from discovery while the motion to dismiss based on tribal sovereign immunity is pending, (2) review of a motion to dismiss is limited to the four corners of the plaintiff's complaint, and (3) limited jurisdictional discovery should not be allowed because the sought discovery will not aid the Court in making its immunity determination and the plaintiff's complaint fails as a matter of law to allege the jurisdiction of the Court. (D.E. # 23 at 3-13.) On March 7, 2011, the plaintiff filed his reply. (D.E. # 33.)

## ANALYSIS

The Foreign Sovereign Immunities Act (hereinafter "FSIA"), 28 U.S.C. § 1602, *et seq.*, provides "'the sole basis for obtaining jurisdiction over a foreign state in [United States] courts.'" *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312 (11th Cir. 2009) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989)). "Under the FSIA, foreign states and their agencies and/or instrumentalities are immune from suit in the United States unless a[] FSIA statutory exception applies." *Butler*, 579 F.3d at 1312.

> The FSIA does not immunize foreign states from suit [in] cases in which: (1) "the foreign state has waived its immunity either explicitly or by implication"; (2) "the action is based upon a commercial activity carried on in the United States by the foreign state"; (3) "rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state;" (4) "rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue"; (5) "money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state"; (6) "the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship . . . concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate"; (7) "a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state"; (8) an action is brought to foreclose a preferred mortgage.

*Butler*, 579 F.3d at 1312 n.6 (citing 28 U.S.C. § 1605).  If none of the above exceptions apply, then the Court lacks subject matter jurisdiction over the plaintiff's claims.  *Id.* (citing *Mwani v. bin Laden*, 417 F.3d 1, 15 (D.C. Cir. 2005); 28 U.S.C. § 1604).

The Eleventh Circuit "note[d] that the principals of comity underlying the FSIA require the district court, when deciding whether or not to allow jurisdictional discovery from a foreign sovereign, to balance the need for 'discovery to substantiate exceptions to statutory foreign sovereign immunity' against the need to 'protect[] a sovereign's or sovereign agency's legitimate claim to immunity from discovery." *Butler*, 579 F.3d at 1314 (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998)). "Such an analysis serves to ensure that jurisdictional discovery is ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Butler*, 579 F.3d at 1314 (internal quotations and citations omitted). If the complaint is insufficient as a matter of law to establish a *prima facie* case that the Court has jurisdiction, it is an abuse of discretion for the Court to allow the case to proceed and permit discovery on the jurisdictional issue. *Butler*, 579 F.3d at 1314 (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009); *In re Terrorist Attacks on September 11, 2001*, 538 F.3d 71, 96 (2d Cir. 2008); *Mwani*, 417 F.3d at 17). In *Butler*, the Eleventh Circuit determined that since the underlying complaint "failed to allege any facts that, if verified, would demonstrate the applicability of a statutorily-enumerated exception to foreign sovereign immunity under the FSIA, it was plainly insufficient to establish subject matter jurisdiction" and hence, "the need to protect appellants' claim to immunity from discovery greatly outweighed any competing need for further discovery." *See Butler*, 579 F.3d at 1314-15 (citations omitted).

The defendants, citing *Butler*, 579 F.3d at 1313-14, argue that permitting jurisdictional discovery would constitute an abuse of discretion because the plaintiff's

4

complaint failed to sufficiently allege any exception to sovereign immunity. (D.E. # 23 at 11-13.) The plaintiff's complaint alleges that the defendants, at its gambling and resort facility located in Miami, Florida, served the plaintiff's daughter a substantial amount of alcohol and permitted her to leave their premises in an obviously intoxicated condition which led to an automobile collision on a Florida highway that caused her death.[1] (D.E. # 1 at ¶¶ 16, 24-28, 30.) As noted above, "The FSIA does not immunize foreign states from suit cases in which: . . . (2) 'the action is based upon a commercial activity carried on in the United States by the foreign state'; . . . (5) 'money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state' . . . ." *Butler*, 579 F.3d at 1312 n.6 (citing 28 U.S.C. § 1605).  *See also Guevara v. Republic of Peru*, 468 F.3d 1289, 1295 (11th Cir. 2006) ("The Supreme Court . . . determined in *Weltover* that the FSIA in general, and its commercial exception in particular, largely codifies the so-called restrictive theory of foreign sovereign immunity. Under the restrictive theory[,] immunity should be granted only with respect to causes of action arising out of a foreign state's public or governmental actions. By contrast, sovereign immunity does not apply to a foreign state's commercial and private activities." (internal quotations & citations omitted)). Therefore, unlike *Butler*, the plaintiff in the instant action

---

[1] The plaintiff's complaint however, did not specifically allege an enumerated FSIA exception as the basis for subject matter jurisdiction as was the case in *Butler*. (D.E. # 1.) However, The Eleventh Circuit in *Butler* looked to see if the factual allegations in the complaint, if verified through additional discovery, would demonstrate subject matter jurisdiction despite the plaintiffs' failure to specifically allege an exception to the FSIA in their complaint.  *See Butler*, 579 F.3d at 1314-15.

alleged facts in his complaint, which if substantiated through discovery, could assist the Court in determining whether an exception to the FSIA applies.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that the Motion to Conduct Discovery Regarding Tribal Sovereign Immunity Defense (DE # 20) is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida this 31st day of March, 2011.

*[signature]*

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Seitz
All counsel of record